Becca J. Wahlquist, Esq. (SBN 215948)
Snell & Wilmer LLP
350 S. Grand Ave. # 3100
Los Angeles, CA 90071-3406
(213) 929-2544
bwahlquist@swlaw.com

Damian P. Richard, Esq. (SBN 262805)
Sessions, Fishman, Nathan & Israel, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
(619) 758-1891
drichard@sessions.legal

*Attorneys for Credit One Bank, N.A.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BLAKER, an individual, and SAMANTHA BLAKER, an individual,<br><br>                        Plaintiffs,<br>    vs.<br><br>CREDIT ONE BANK, N.A.,<br><br>                        Defendant. | Case No.: '18CV2108 CAB JMA<br><br>[Removed from San Diego Superior Court, Case No. 37-2016-00009977 CU-NP-NC]<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332(a), and 1441(a); DECLARATION IN SUPPORT |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant Credit One Bank, N.A. ("Defendant") hereby removes to this Court the state court action described below.

1. Removal of this civil action is proper, pursuant to 28 U.S.C. § 1441 under two separate and independent grounds: 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332(a) (complete diversity).

2. Claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, over which this Court has original jurisdiction under 28 U.S.C. §

1331, were added to this action **while it was in arbitration**.  Now that the case has returned to state court, it may be removed to this Court by Defendant because the state court case now includes (for the first time) TCPA claims over which this Court has original jurisdiction.  *Mims v. Arrow Financial Services, L.L.C.,* 132 S. Ct. 740 (2012) (holding that federal question jurisdiction exists under 28 U.S.C. § 1331 for private claims for damages brought under the TCPA).

3. Further, this action is also one which also may be removed to this Court pursuant to 28 U.S.C. § 1332(a).  Complete diversity exists in that: (i) Defendant is a federally-charted bank with its principal place of business located in Las Vegas, Nevada, and is a resident of Nevada; (ii) Plaintiffs Richard Blaker and Samantha Blaker ("Plaintiffs") are residents, citizens and domiciliaries of San Diego County, California; and (iii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. As detailed below, this action had long been stayed while the parties were in arbitration, and only recently became removable when Plaintiffs served Defendant with the petition to confirm that they had filed in the action.  That petition was served on Credit One less than 30 days ago.

5. On or about March 25, 2016, the action was commenced in the Superior Court of the State of California, County of San Diego, entitled, *Richard and Samantha Blaker, v. Credit One Bank, N.A.,* Case No. 37-2016-00009977-CU-NP-NC (the "State Court Action").  A true and correct copy of the Plaintiff's Summons and Complaint ("Complaint") is attached hereto as **Exhibit A.**

6. The State Court Action is located within the Southern District of California.  Therefore, venue for purposes of removal is proper because the United States District Court for the Southern District of California embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a). Venue for modifying or vacating an arbitration award lies in the district where the award was rendered. *See* 9 U.S.C. §§ 10, 11.

7. The Complaint alleged only violations of state law and did not allege any claim under the TCPA or other federal cause of action. *See* Exhibit A.

8. On or about May 24, 2016, Defendant filed a motion for order compelling arbitration ("Motion") pursuant to the "VISA/MASTERCARD CARDHOLDER AGREEMENT, DISCLOSURE STATEMENT AND ARBITRATION AGREEMENT ["Agreement"]" entered into between the parties, which states in relevant part, "This arbitration provision is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1 et seq. . . . . An award by a panel, or an award by a single arbitrator after fifteen days has passed, shall be final and binding on the parties, subject to judicial review that may be permitted under the FAA. An award in arbitration will be enforceable as provided by the FAA or other applicable law by any court having jurisdiction." A true and correct copy of Defendant's Motion and supporting declarations and exhibits is attached hereto as **Exhibit B.**

9. On or about July 18, 2016, the State Court granted Defendant's Motion and issued an Order compelling arbitration and staying the entire State Court Action pending completion of arbitration ("Order"). A true and correct copy of the Order is attached hereto as **Exhibit C.**

10. On or about August 1, 2016, Plaintiffs commenced arbitration with the American Arbitration Association ("AAA") by filing with the AAA an Arbitration Claim. Like the Complaint, the Arbitration Claim did not allege any claim under the TCPA or other federal cause of action. A true and correct copy of the Arbitration Claim is attached hereto as **Exhibit D.**

11. On or about January 9, 2017, during the arbitration and while the State Court Action was stayed, Plaintiffs' presented a First Amended Arbitration Claim which alleged for the first time violations of the TCPA, and no other federal cause of action. Throughout the arbitration and currently, Defendant maintains that the TCPA does not apply because pursuant to the Agreement, (i) Plaintiffs consented

to receive all calls, (ii) Plaintiffs never revoked consent to receive calls, (iii) Plaintiffs did not terminate the Agreement prior to the calls being placed, and (iv) an automated telephone dialing system ("ATDS") as defined by the TCPA was not used to place any Credit One calls to Plaintiffs. A true and correct copy of the First Amended Arbitration Claim is attached hereto as **Exhibit E.**

12. On August 13, 2018, Defendant received service of Plaintiffs' Petition to Confirm the Arbitration Award ("Petition") in the State Court Action. A true and correct copy of the Petition is attached hereto as **Exhibit F.** The Petition includes a declaration, exhibits, and memorandum in support. Exhibit C to the Petition is the Final Award in the total amount of $411,757.45, including in part TCPA trebled damages in the amount of $342,000.

13. "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 885 (9th Cir.2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b))." *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

14. The State Court Action had been stayed until Plaintiff's petition was filed. *See Patterson v. Int'l Bhd. of Teamsters, Local 959*, 121 F.3d 1345, 1349 (9th Cir. 1997) (interpreting impact of bankruptcy stay, period for removal does not begin to run until the stay was lifted); *Easley v. Pettibone Michigan Corp*., 990 F.2d 905, 908 (6th Cir. 1993) (same).

15. It was not until the August 13, 2018 receipt of Plaintiffs' Petition in the State Court Action that Defendant received a copy of a motion from which it could first ascertain that the case is removable. *See* 28 USC § 1446(b)(3). Indeed,

until Plaintiffs filed the Petition, there was no opportunity or basis for removal while the parties were in arbitration. *See e.g. Patterson,* 121 F.3d at 1349; *Easley,* 990 F.2d at 908. *See also Bull HN Info. Sys., Inc. v. Hutson,* 229 F.3d 321, 329 (1st Cir. 2000) ("arbitration is independent of judicial proceedings"). *See also Odeon Capital Grp., LLC v. Ackerman,* 149 F. Supp. 3d 480, 485 (S.D.N.Y. 2016) (distinguishing "between arbitration, on the one hand, and judicial proceedings 'asserted in a court of the state,' on the other" and holding that "arbitration is neither an action nor a special proceeding, and so diversity of citizenship may not be assessed as of arbitration's commencement;" action was deemed commenced on the date the motion to vacate arbitration award was filed).

16. Further, it was not until Plaintiffs filed their Petition in the State Court Action that it became more likely than not that the amount in controversy in state court exceeded the $75,000 threshold. 28 U.S.C. § 1332(a). Indeed, the claims asserted in the State Court complaint (*see* Exhibit A) could not have exceeded $75,000, based on the statutory damages limits inherent in those state law claims.

17. The stay of the State Court Action should operate to toll the one-year limitations period within which diversity cases must be removed under 28 U.S.C. § 1446(b). In the alternative, Defendant is entitled to an equitable extension because Defendant could not remove the case before the one-year deadline as the entire State Court Action was stayed.

18. Courts have held that the one-year statutory period is subject to equitable considerations. *Tedford v. Wamer-Lambert Co.,* 327 F.3d 423, 427. In *Tedford,* the Circuit Court recognized that Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit. *Id.* at 427. *See also Ferguson v. Security Life of Denver Ins. Co.,* 996 F.Supp. 597, 603 (N.D. Tex. 1998) (the one-year limitation on removal contained in § 1446(b) is not absolute but subject to equitable exceptions).

19. Defendant avers that this Notice of Removal is being filed within one year of this lawsuit becoming once again active on the State Court's Register of

Actions and that the one-year limit should be tolled from the date the State Court stayed the case on July 18, 2016 (when the case was less than two months old), until August 13, 2018, when the Petition was received.

20. But in any case, there is original jurisdiction in this Court for the remaining dispute between the parties involving the TCPA award issued in arbitration.

21. Defendant is agreeing to tender payment to Plaintiffs of $69,757.45 awarded in arbitration for their non-TCPA causes of action and for the attorneys' fees incurred in pursuing the TCPA claims (which Defendant will pay within 10 business days of receiving W-9s from Plaintiffs and their counsel), thereby satisfying entirely the state law portions of the Final Award, leaving only the $342,000 awarded under the TCPA at issue. *See e.g.* 28 U.S.C. § 1441(b)(2).

22. Thus, the only portion of the arbitration award still at issue is the TCPA analysis, over which this Court has original jurisdiction. *See Mims*, 132 S. Ct. 740.

23. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because the State Court Action became removable pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a) on August 13, 2018, the date Plaintiffs filed their Petition in the State Court Action and thus, for the first time, put TCPA claims and over $75,000 at issue in the State Court Action.

24. Written notice of the filing of this Notice of Removal, with a true and correct copy of this Notice of Removal attached thereto, has been served on Plaintiffs and filed with the Clerk of the Superior Court in and for the County of San Diego.

Dated: 9/10/18              SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
                            */s/Damian P. Richard*
                            Damian P. Richard
                            Attorney for Defendant Credit One Bank, N.A.

## DECLARATION OF DAMIAN P. RICHARD

I, Damian P. Richard, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all courts of the State of California. I am an attorney at the law firm of Sessions, Fishman, Nathan, and Israel, LLP, and one of the attorneys for Defendant Credit One Bank, N.A. ("Defendant"). I have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could testify competently to such matters. This Declaration is in support of Defendant's Notice of Removal to which it is attached.

2. Defendant is a federally-charted bank with its principal place of business located in Las Vegas, Nevada, and is a resident of Nevada.

3. Plaintiffs Richard Blaker and Samantha Blaker ("Plaintiffs") are residents, citizens and domiciliaries of San Diego County, California.

4. On or about March 25, 2016, this action was commenced in the Superior Court of the State of California, County of San Diego, entitled, *Richard and Samantha Blaker, v. Credit One Bank, N.A.,* Case No. 37-2016-00009977-CU-NP-NC (the "State Court Action"). A true and correct copy of the Plaintiff's Summons and Complaint ("Complaint") is attached hereto as **Exhibit A.**

5. On or about May 24, 2016, Defendant filed a motion for order compelling arbitration ("Motion"). A true and correct copy of Defendant's Motion and supporting declarations and exhibits is attached hereto as **Exhibit B.**

6. On or about July 18, 2016, the State Court granted Defendant's Motion and issued an Order compelling arbitration and staying the entire State Court Action pending completion of arbitration ("Order"). A true and correct copy of the Order is attached hereto as **Exhibit C.**

7. On or about August 1, 2016, Plaintiffs commenced arbitration with the American Arbitration Association ("AAA") by filing with the AAA an Arbitration Claim. A true and correct copy of the Arbitration Claim is attached hereto as **Exhibit**

**D.**

8.  On or about January 9, 2017, during the arbitration and while the State Court Action was stayed, Plaintiffs' presented a First Amended Arbitration Claim. A true and correct copy of the First Amended Arbitration Claim is attached hereto as **Exhibit E.**

9.  On August 13, 2018, Defendant received service in the State Court Action of Plaintiffs' Petition to Confirm the Arbitration Award ("Petition"). Exhibit C to the Petition is the Final Award from the AAA arbitration in the total amount of $411,757.45, consisting of damages in the amount of $342,000 awarded under Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and $69,757,45 awarded under the other asserted claims. A true and correct copy of the Petition is attached hereto as **Exhibit F.**

10. Defendant has agreed to tender to Plaintiffs the $69,757.45 for the non-TCPA claims (within 10 business days of the provision of Plaintiffs' and their counsel's W-9 forms), thereby satisfying the state law portion of the Final Award, leaving only the TCPA portion of the award at issue in Defendant's challenge to the TCPA portions of the award.

11. Before the August 13, 2018 receipt of Plaintiffs' Petition in the State Court Action, there was no opportunity or basis for removal, as the entire State Court Action had been stayed pending arbitration.

12. Written notice of the filing of this Notice of Removal, with a true and correct copy of this Notice of Removal attached thereto, has been served on Plaintiffs and filed with the Clerk of the Superior Court in and for the County of San Diego.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of September 2018, at San Diego, California.

/s/*Damian P. Richard*
Damian P. Richard