Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BLAKER, et al. | Case No. 3:18-CV-02108-CAB-JMA |
| Plaintiffs | **Plaintiffs' Points and Authorities in Support of Motion to Remand** |
| v. | |
| CREDIT ONE BANK, N.A., et al. | Date:  October 17, 2018 |
| Defendants. | The Hon. Cathy Ann Bencivengo |

## I.
## INTRODUCTION

Plaintiffs Richard and Samantha Blaker twice successfully prevailed against Defendant Credit One Bank in arbitration including on appeal *de novo* to a three-member tribunal administered by the American Association of Arbitration ("AAA").  This case has been pending in state court for exactly 900 days as of the filing of this motion to remand. Defendant had actual knowledge of a federal claim, the diversity of the parties' citizenship, and a monetary claim for over $75,000 for over a year prior to removing it to federal court. Moreover, Defendant waited until more than thirty days had elapsed from the expiration of any stay on state court proceedings to remove.  Under any and all timeframes to remove a case to Federal court Defendant failed to act timely.  The case must be remanded.

//

## II.
## STATEMENT OF FACTS

On March 25, 2016 Plaintiffs filed suit against Defendant Credit One Bank in the Superior Court of California, County of San Diego, entitled, *Richard and Samantha Blaker v. Credit One Bank, N.A.*, Case No. 37-2016-00009977-CU-NP-NC. *Golden Declaration*, ¶3 (Exhibit A to Notice of Removal, Docket #1-2). Defendant filed a motion to compel arbitration in the state court proceeding which was granted on July 18, 2016. *Id.*, ¶4 (Exhibit B to Notice or Removal, Docket #1-3). The state court stayed the case pending completion of the arbitration. *Id.*, ¶4. The court order says, "this case is hereby ordered stayed pending completion of the arbitration." *Id.*, ¶4 (Exhibit C to Notice of Removal; Docket #1-4).

On August 1, 2016 Plaintiffs filed a claim with the American Arbitration Association ("AAA"). *Id.*, ¶5; (Exhibit D to Notice of Removal; Docket #1-5). On January 9, 2017 Plaintiffs filed a First Amended Arbitration Claim. *Id.*, ¶6; (Exhibit E to Notice of Removal; Docket #1-6). On July 27, 2017 Plaintiffs filed and served an Arbitration Hearing Brief indicating they were seeking in excess of $75,000. *Id.*, ¶7, Exhibit 1. *See Claimant's Arbitration Hearing Brief*, p.12, lns. 10-12.

AAA appointed attorney Dan H. Deuprey as arbitrator. Arbitrator Deuprey held an in-person hearing on August 3 and 4, 2017. Following the hearing Arbitrator Deuprey found in favor of Plaintiffs and rendered an award in their favor in excess of $75,000. *Id.*, ¶8. Defendant appealed the decision to a three-person tribunal with AAA. AAA appointed attorneys Janice L. Sperow, Leo Sullivan and William Tucker as arbitrators for the hearing. The arbitrators held an in-person hearing on April 18 and19, 2018. The arbitrators unanimously found in favor of Plaintiffs and rendered an award in their favor. At both hearings Defendant was present and represented by counsel. Both Plaintiffs and Defendant were given an opportunity to object to the appointment of the Arbitrators per the AAA Consumer Arbitration Rules, but neither did so. *Id.*, ¶9.

The Final Arbitration Award was rendered on July 19, 2018 by appointed arbitrators

Janice L. Sperow, Leo Sullivan, and William Tucker. The award was transmitted to counsel for Plaintiffs and Defendant via email on July 20, 2018. *Id.*, ¶10, Exhibit 2.  The arbitration was complete and final as of July 19, 2018.  By operation of the court's order the stay was lifted. *Id.*, ¶11.

Plaintiffs filed a petition to confirm the arbitration award in state court.  The petition was served via mail August 9, 2018.  The court filed it August 10, 2018.   The hearing for the petition to confirm the award was set for September 21, 2018.  *Id.*, ¶12 (Exhibit F to the Notice of Removal; Docket #1-7).

The final day by which to oppose the petition to confirm the award was September 10, 2018.  On September 10, 2018 Defendant removed the present case to Federal court and did not file an opposition to the petition to confirm. *Id.*, ¶13.  The removal to Federal court was filed more than thirty days after Defendant was aware that: (1) the case involved a federal statute, (2) the parties were from diverse states, (3) the Plaintiffs' claims exceeded $75,000 and (4) a stay of the state court proceedings was lifted.  *Id.*, ¶14.

## III.
## LEGAL ARGUMENT

**A.    The Right To Removal Should Be Strictly Construed and There Is A Strong Presumption In Favor of Remanding Plaintiffs' Case to State Court.**

Removal statutes are strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). The Supreme Court stated that Federal courts should scrupulously confine their own jurisdiction.  *Id.* at 109.   Hence there is a strong presumption against removal.  *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal courts are courts of limited jurisdiction and removal deprives plaintiffs of their chosen forum. Defendant filed its notice of removal pursuant to 28 U.S.C. §1446.  The time limits set forth in that statute are imperative and mandatory.  It must be strictly complied with and is to be narrowly construed.  *United States ex rel. Walker v. Gunn*, 511 F.2d 1024 (9th Cir. 1975).

//

//

**B.     Defendant Failed to Timely File Its Notice of Removal.**

28 U.S.C. §1446 states:

(b)  Requirements; Generally, -

(b)(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(b)(3)… a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) Requirements; Removal Based on Diversity of Citizenship.

(c)(1)  A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

It is undisputed that Defendant had notice of a federal claim alleged against it at the time Plaintiff's filed and served the amended arbitration claim on January 9, 2017. Defendant knew of the diversity of the citizenship of the parties from the outset of the case. It should have had notice of a claim exceeding $75,000 at the onset of the case. It inarguably knew Plaintiffs sought in excess of $75,000 when it was served with Plaintiffs arbitration hearing brief July 27, 2017.  The time requirements of 28 U.S.C. §1446 are to be strictly construed and the party failing to comply is precluded from removing at any subsequent state of proceedings. *Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co.*, 247 F.Supp. 578 (E.D.Pa. 1965); and *Gray v. Rite Aid Corp.*, 189 F.Supp.2d 347 (D.Md. 2002). Moreover, a case may not be removed on basis of diversity jurisdiction more than 1 year after

commencement of action. *Lexington Mkt. v. Desman Assocs.*, 598 F.Supp.2d 707 (D.Md. 2009).

The parties were always diverse citizens and Defendant could have removed the case to Federal court even before filing its motion to compel arbitration. Moreover, during the arbitration Defendant could have removed the case to federal court. Removing the case to federal court would not have violated the stay. Defendant also could have sought leave to lift the stay for purposes of removing the case. It did not. The case proceeded to arbitration on two separate occasions. Defendant's removal is an attempt to avoid the state court's confirming the arbitration award against it.

1. <u>The Arbitration Stay Was Lifted Upon The Issuance of the Final Award</u>.

The state court's order says, "this case is hereby ordered stayed pending completion of the arbitration." The final award was issued July 19, 2018. It was transmitted to the parties on July 20, 2018. There was no stay in place from July 20, 2018 onward. Defendant's delay of more than thirty days to remove is improper and cannot be condoned.

Further, under the doctrine of "functus oficio" in the law of arbitration, once the arbitrator issues a final award, the arbitration is complete. *Bosack v. Soward*, 586 F.3d 1096 (9th Cir. 2009); and *Trade & Transport, Inc. v. Natural Petro. Charters, Inc.*, 931 F.2d 191 (2nd Cir. 1991).

It was only after the arbitration proceedings were complete and Defendant was dissatisfied with the results that it now belatedly removed the case to Federal court. Defendant perhaps realizing it delayed more than thirty days from the lifting of the stay on state court proceedings invents a new timeframe by which to remove. In its Notice of Removal it states that, "It was not until the August 13, 2018 receipt of Plaintiffs' Petition in the State Court Action that Defendant received a copy of a motion from which it could first ascertain that the case is removable." In reality Defendant had long been on notice that the case was removable.

By this time Defendant had already been on the losing end of two arbitration awards on a Federal claim in excess of $75,000. Certainly it knew the case was removable prior to

August 13, 2018.  Its delay is fatal.  Its invention of a new trigger date for removal timeline (i.e. receipt of a motion filed by Plaintiff) is not supported in law.  In fact, case-law holds that the filing of a petition to confirm an arbitration award does serve to trigger the thirty-day time limit.  *Cap of MB, Inc. v. Champion Rock Products, Inc.*, 111 F.Supp.2d 728 (D.S.Car. 2000).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

### C.  Defendant Waived Its Right to Remove the Case to Federal Court By Filing a Motion to Compel Arbitration in State Court.

Defendant filed a motion to compel arbitration in state court.  Courts routinely find this to constitute waiver of its right to remove a case to federal court.  *McKinnon v. Doctor's Associates, Inc.*, 769 F.Supp. 216 (E.D. MI 1991); and *Hughes v. UPS Supply Chain Solutions, Inc.*, 815 F.Supp.2d 993 (2011) (W.D. KY 2011).  The *McKinnon* case was cited by the Ninth Circuit in *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992).  The *Moore* court also found a waiver when the defendant filed motions in the state court proceeding. *Id*.

### D.  Plaintiffs Should Be Awarded Their Fees For The Improper Removal.

28 U.S.C. §1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See also Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992). Plaintiffs' case has been pending for 900 days.  The parties participated in two multi-day arbitrations.  They have patiently waited, doing all required of them, to obtain justice.  Yet on the final day when Defendant's opposition to the petition to confirm arbitration was due they removed the case to Federal court. Because their removal was untimely the case should be remanded.  Defendant is dissatisfied with the results from arbitration and has the intention to re-litigate issues which have already been adjudicated on two separate occasions by AAA. Its effort to remove to Federal court is at least in part an effort to delay enforcement. If it truly needed a Federal forum it could have sought one out *years* earlier.

This case is one that warrants an award of fees to Plaintiff's counsel. The fee award

should be $3,150 for the nine hours expended in researching and preparing this motion. *See Casey v. Williams Production RMT Co.*, 599 F.Supp.2d 1253 (D.Co. 2009) (finding twenty hours reasonable for filing motion to remand and awarding attorney $7,000 at $350 per hour).

## IV.
## CONCLUSION

Defendant filed its removal more than a year after it had notice of Federal question and diversity jurisdiction. It filed its notice more than thirty days after the completion of the arbitration and the lifting of any stay. It filed its removal after having filed a motion to arbitrate in state court. In accordance with the Federal court's obligation to strictly construe removal timelines and resolve any doubts in favor of remand, Plaintiffs' motion should be granted and the case remanded to state court.

Date: September 12, 2018

                                            _____s/ Jeremy S. Golden_____
                                            Jeremy S. Golden
                                            Attorney for Plaintiffs