Becca J. Wahlquist, Esq. (SBN 215948)
Snell & Wilmer LLP
350 S. Grand Ave. # 3100
Los Angeles, CA 90071-3406
(213) 929-2544
bwahlquist@swlaw.com

Damian P. Richard, Esq. (SBN 262805)
Sessions, Fishman, Nathan & Israel, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA  92108
(619) 758-1891
drichard@sessions.legal

*Attorneys for Credit One Bank, N.A.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BLAKER, an individual, and SAMANTHA BLAKER, an individual,<br><br>        Plaintiffs,<br>   vs.<br><br>CREDIT ONE BANK, N.A.,<br><br>        Defendant. | Case No.:  18-CV-02108-CAB-JMA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND |

Defendant Credit One Bank, N.A. (the "Bank") hereby files its Memorandum of Points and Authorities in Opposition to the Motion to Remand ("Motion") of Plaintiffs' Richard and Samantha Blaker ("Plaintiffs")

## I.   INTRODUCTION

In seeking remand, Plaintiffs emphasize the length of time that has passed since they first brought their lawsuit against the Bank, without doing anything to address the Bank's central point that the State Court Action, when brought and up through August 13, 2018, asserted only state law claims that could not have put

Case 3:18-cv-02108-CAB-JMA   Document 8   Filed 10/03/18   PageID.238   Page 2 of 8

more than $75,000 at issue. Plaintiffs' State Court Action was then stayed in its entirety while Plaintiffs were compelled to arbitration. (ECF No. 1-4.) Plaintiffs' state law claims asserted in court before the parties moved into arbitration did not put more than $75,000 at issue for Plaintiffs' varied claims (as evidenced by the fact that the state law claims were adjudicated in Plaintiffs' favor in arbitration and resulted in less than $75,000 awarded, including attorneys' fees. (ECF No. 1-7, at 29-39 of 51.). As further discussed below, given the stay in the State Court Action and the absence of any federal-question claims or claims meeting diversity jurisdiction requirements in that State Court Action , the Bank's removal was timely made after Plaintiffs ended the state court stay and moved to confirm their arbitration award.

It is undisputed that Plaintiffs' Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") claim appeared for the first time midway through the arbitration, in the form of an amended arbitration claim put before the American Arbitration Association ("AAA"). The Bank was not entitled at that time and could not seek to remove the stayed action out of arbitration to federal court (and indeed, it would be burdensome on companies in arbitration and on federal courts should any amendment to claims in arbitration be considered sufficient to trigger removal obligations). Instead, the Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b) because the State Court Action did not become removable pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a) until August 13, 2018, the date that Plaintiffs served their Petition in the State Court Action and thus, for the first time, put (i) the TCPA claim, and (ii) over $75,000, at issue in the State Court Action.

Thus, as detailed below, Plaintiffs' Motion should be denied. Removal is timely and proper, pursuant to 28 U.S.C. § 1441, under two separate and independent grounds: 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332(a) (complete diversity). This Court has both original jurisdiction and diversity

Opposition to Motion to Remand
2

jurisdiction over the parties' dispute regarding the arbitration award, and this discrete matter involving the arbitration award should proceed in this district.

## II. BECAUSE THERE WAS NO "CIVIL ACTION" PENDING DURING PRIVATE, CONTRACTUAL ARBITRATION, THE BANK'S REMOVAL WAS TIMELY

Section 1441(a) permits removal only of "*civil action[s]* brought in a State court" (emphasis added). "Arbitration awards are not self-enforcing." *Hoeft v. MVL Group, Inc.,* 343 F.3d 57, 63 (2d Cir. 2003). It was not until Plaintiffs petitioned the Court that the first and only opportunity to remove occurred. There existed an Order staying the State Court Action and compelling the parties to private arbitration before the AAA. As such, during the pendency of the private arbitration, there was no removable "civil action" pursuant to section 1441(a).

Arbitration is not "a civil action." *See Bull HN Info. Sys., Inc. v. Hutson,* 229 F.3d 321, 329 (1st Cir. 2000) ("arbitration is independent of judicial proceedings"). *See also Odeon Capital Grp., LLC v. Ackerman,* 149 F. Supp. 3d 480, 485 (S.D.N.Y. 2016) (distinguishing "between arbitration, on the one hand, and judicial proceedings 'asserted in a court of the state,' on the other" and holding that "arbitration is neither an action nor a special proceeding, and so diversity of citizenship may not be assessed as of arbitration's commencement;" action was deemed commenced on the date the motion to vacate arbitration award was filed).

Here, under 28 U.S.C. § 1441(a), no "civil action" was pending from July 18, 2016, when the case was compelled to arbitration, until August 13, 2018, when the Petition was received. The removal was therefore timely.

> The proceeding . . . *was not in the state court at that time but was pending before the arbitrator*. . . . At the time . . . it could not be predicted whether the proceeding would ever come before any court. It is brought in the state court when that court is [] asked to participate in

> the proceeding . . . for instance . . . by a motion to confirm . . . the award . . . Until one of these steps is taken, or the court is in some other way requested to intervene, the proceeding is not removable. . . . Since the petition to remove was [timely] filed [after] the [] application to the court, in this case the motion to confirm the award, the removal was timely. . . .

*Minkoff v. Scranton Frocks, Inc.,* 172 F. Supp. 870, 876-77 (S.D.N.Y. 1959) (emphasis added).

### III.  WAIVER DOES NOT APPLY

At pages 6-7 of their Motion Plaintiffs argue waiver based on the Bank's motion to compel arbitration. However, this argument is fundamentally flawed. No dispute exists that the original complaint, to which the motion to compel arbitration pertained, contained no TCPA claims over which this Court has original jurisdiction, nor any other federal claim for relief. (ECF No. 2-2, ¶ 3; ECF No. 1-2.) *See also MG Bldg. Materials, Ltd. v. Paychex, Inc.,* 841 F. Supp. 2d 740, 752 (W.D. N.Y. 2012) (holding that a defendant does not waive its right to remove action against it by moving in state court to compel arbitration, when the motion was filed prior to an amendment adding the grounds for federal removal). Nor did the original complaint allege damages in excess of the amount in controversy of 28 U.S.C. § 1332(a). The case was simply not removable when the Bank filed its motion to compel arbitration of the state law claims (which did not put more than $75,000 at issue) that were asserted by Plaintiffs in their State Court Action.

At no time was the private, contractual arbitration removable to federal court while there existed a Court Order compelling the parties to arbitrate, and while the state court complaint remained devoid of TCPA claims. Thus, the Bank did not waive removal; indeed, it had no ability to remove until after August 13, 2018.

## IV. THE *FUNCTUS OFFICIO* DOCTRINE DOES NOT APPLY; THE BANK REMOVED AFTER THE FIRST ACTION IN STATE COURT MADE THE CASE REMOVABLE

Next, Plaintiffs' reliance on *Bosack v. Soward,* 586 F.3d 1096, 1103 (9th Cir. 2009) and the common law doctrine of *functus officio* is entirely misplaced and nonsensical. "The doctrine of functus officio (task performed)" merely "precludes an arbitrator from reconsidering his decision." *Hotel Employees, Restaurant Employees, Local 878 v. Cullop,* No. A88-0385-CIV (HRH), 1994 WL 242114, 146 LRRM (BNA) 3086 (D. Alaska Apr. 7, 1994). *Bosack* similarly confirms that the common law doctrine merely "forbids an arbitrator to redetermine an issue which he has already decided." 586 F.3d at 1103. Here, however, there is no motion for reconsideration pending. The Bank has timely *removed* the case to this federal district court in order to seek to vacate the TCPA portion of the award pursuant to the Federal Arbitration Act ("FAA"). No arbitrator—nor anyone, for that matter—has ever ruled on whether Plaintiffs' TCPA claim is removeable, and therefor there is no request for reconsideration.

It is also significant here that the state court complaint to this day does not contain a TCPA claim. Thus, Plaintiffs misstate the holding of *CAP of MB, Inc. v. Champion Rock Prod., Inc.,* 111 F.Supp.2d 728, 732 (D.S.C. 2000), given the facts here. In *CAP* the state court proceedings had not been stayed, as is the case here. Moreover, *CAP* did not involve a situation in which the initial claims asserted in the original complaint were the same at the time confirmation of the arbitration award was sought—stated differently, in *CAP* there was no intervening (i) addition of a federal claim during arbitration, or (ii) award in excess of $75,000 under claims solely added during arbitration, as is the case here.

Further, *CAP* cites to and relies in part on *Old Dutch Farms, Inc. v. Milk Drivers & Dairy Emp. Union Local 584, Int'l Bhd. of Teamsters, Chauffeurs,*

*Warehousemen & Helpers of Am.,* 222 F. Supp. 125, 130 (E.D.N.Y. 1963)—a case illustrating why Plaintiffs are so wrong in their arguments. *Old Dutch* holds that the time in which to remove "commences to run from the date of the first *court action* relating to the arbitration." *Id.* (emphasis added). *See also Lesser Towers, Inc. v. Roscoe-Ajax Constr. Co.,* 258 F. Supp. 1005, 1008 (S.D. Cal. 1966) (noting the general rule that "the time for removal of the supervision of an arbitration proceeding from the State to the Federal courts begins to run from the date of the first *court action* relating to the arbitration" (emphasis added)). The "court action" requirement, too, emphasizes the timeliness of the Bank's removal. Before Plaintiffs petitioned to confirm their award, there was no "court action," and no mechanism by which to seek removal, because the State Court Action was entirely stayed. (ECF No. 1, at ¶ 9; ECF No. 1-4.) Until Plaintiffs re-invoked a "court action," thereby ending the "stay," there was nothing for the Bank to remove to this district.

**V.     FURTHER, EQUITY SUPPORTS ALLOWING REMOVAL OF THE BANK'S CHALLENGE TO THE PORTIONS OF THE AWARD INVOLVING A FEDERAL STATUTE.**

Finally, even if there had been waiver as Plaintiffs claim, courts have held that the one-year statutory period is subject to equitable considerations. *Tedford v. Wamer-Lambert Co.,* 327 F.3d 423, 427 (5th Cir. 2003). In *Tedford,* the Circuit Court recognized that Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit. *Id.* at 427. *See also Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1156 (9th Cir. 2016) (holding that equitable tolling doctrine applies to FAA); *Ferguson v. Security Life of Denver Ins. Co.,* 996 F. Supp. 597, 603 (N.D. Tex. 1998) (the one-year limitation on removal contained in § 1446(b) is not absolute but subject to equitable exceptions); *Patterson v. Int'l Bhd. of Teamsters, Local 959,* 121 F.3d

1345, 1349 (9th Cir. 1997) (interpreting impact of bankruptcy stay, period for removal does not begin to run until the stay was lifted); *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 908 (6th Cir. 1993) (same); *Fed'n of Westinghouse v. Westinghouse Elec. Corp.,* 602 F. Supp. 956, 959 (W.D. Pa. 1984) (holding that "national policy favoring arbitration" compelled a conclusion that a request for voluntary arbitration tolled the statute of limitations).

Here, where Plaintiffs made no effort to amend their state court complaint or to return to court until seeking to confirm their award on August 13, 2018, and where a stay was in place in state court, it would be inequitable to hold that the Bank should have moved in that forum for permission to remove an ongoing arbitration proceeding into federal court—and it would set a bad precedent for this Court, as then out of an abundance of caution the Bank and other companies like it would be required to attempt to remove cases directly out of arbitration to federal court whenever it becomes apparent that within that arbitration, for the first time, a claimant is seeking in excess of $75,000 or has added a federal question claim.  "It is one of the purposes of arbitration that it serve as 'an integral part of the system of self-government.'  It would be destructive of this purpose, and would needlessly crowd the Court's dockets . . . ." *Minkoff,* 172 F. Supp. at 876.

## VI. CONCLUSION

In 28 U.S.C. § 1446(b)(3) Congress provided that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The amended arbitration claim filed before the AAA claim did not constitute a "pleading" pursuant to 28 U.S.C. § 1446(b)(1), nor was it "filed in court."  This notion is consistent with the well-settled case law discussed above that holds that arbitration

proceedings are not "civil action[s]" for purposes of removal.

      Tellingly, Plaintiffs offer no case to support the proposition that the Bank could have removed the matter to federal court midway through the private, contractual arbitration which itself was compelled by order of the State Court. The Court should deny Plaintiffs' Motion, and should address the discrete issue before it in this new matter of whether the AAA award granting Plaintiffs hundreds of thousands of dollars in damages under the TCPA should be vacated in part pursuant to the FAA.

Dated: 10/3/18                       SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
                                           */s/Damian P. Richard*
                                           Damian P. Richard
                                             Attorney for Defendant Credit One Bank, N.A.