Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BLAKER, et al. | ) Case No. 3:18-CV-02108-CAB-JMA |
| Plaintiffs | ) **Plaintiffs' Reply Brief in Support of Motion to Remand** |
| v. | ) |
| CREDIT ONE BANK, N.A., et al. | ) Date:   October 17, 2018 |
| Defendants. | ) **PER CHAMBER'S RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| | ) The Hon. Cathy Ann Bencivengo |

## I.
## REPLY ARGUMENT

Defendant erroneously claims that it was not until Plaintiffs petitioned the Court that the first and only opportunity to remove occurred. There were multiple prior opportunities months and even *years* prior to the removal.

The first opportunity for removal occurred in May 2016 when Defendant had been served with the State Court action and opted to file a motion to compel arbitration in State Court. At that time the parties were diverse and Plaintiffs were seeking in excess of $75,000. 28 U.S.C. §1446(b)(1) required the notice of removal to be filed "within 30 days."

1

Defendant waited over two years.  Federal Law states that a case cannot be removed on diversity "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. §1446(c)(1).  There is no allegation of bad faith. The one-year time limit expired on March 25, 2017 long before Defendant filed removal paperwork.

Another opportunity for removal occurred on January 9, 2017 when the Blakers filed the First Amended Arbitration Claim with the American Association of Arbitration ("AAA") with a Telephone Consumer Protection Act ("TCPA") claim.  Defendant claims that it would be "burdensome" to have required it to seek removal at that time and therefore its delayed removal should be excused. Defendant's position is unsupported by any case-law. It also is not supported by the Federal Law on removal.  The removal statute states that if the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading*, motion, order or *other paper* from which it may first ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(c)(3), emphasis added.  The First Amended Arbitration Claim triggered the removal time.  It cannot be claimed the document is not an "amended pleading" or "other paper."  Defendant's delay cannot be excused because of its claim that removal at such a time would be burdensome.

Accepting Defendant's position would contravene the plain language of the statute. Defendant tries to argue that there was not a "civil action" until Plaintiff filed the petition to confirm the arbitrator's award.  This argument overlooks the obvious fact that a State Court complaint had been filed.  The case was filed in State Court and Defendant's argument must be rejected based on common sense.  Defendant cites case-law that that arbitration is independent of judicial proceedings. This is true.  But the cases cited by Defendant can easily be distinguished in that in those cases there was no indication that a state action had been filed previous to the arbitration.

The *Minkoff v. Scranton Frocks, Inc.*, 172 F. Supp. 870 (S.D.N.Y. 1959) case cited by Defendant differs from the present case in this regard. In *Minkoff* there is no reference that a

state court complaint was filed.  In *Minkoff* the parties completed arbitration and the plaintiff sought confirmation of the award in state court.  It was at that time that a civil action was first commenced.  Therefore, in *Minkoff w*hen the petition to confirm was filed the defendant removed.  In fact, the *Minkoff* court specifically notes in its ruling that the proceeding "was not in the state court at that time but was pending before the arbitrator." *Id.* at 876.  The court further states that "it is brought in the state court when that court is first asked to participate in the proceeding, for instance, either by a motion to compel or to stay the arbitration." *Id.*  Thus, the case cited by Defendant actually contradicts its argument.  In the present case a state court case, or a "civil action", had been pending for over two years when Defendant sought removal.  In fact, the State Court had already ruled on a motion filed by the Defendant in this case.  There is no excuse for Defendant's delay in the present case.

Similarly, the *Odeon Capital Group, LLC v. Ackerman*, 149 F.Supp.3d 480 (S.D.N.Y. 2016) also involved a case that was not previously filed in state court. The first court filing was the petition to vacate the award.  There is no reference to a previously filed state court complaint.  The *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321 (1st Cir. 2000) case does not have any discussion about the timeliness of removal or reference a pending state court complaint.

Thus, the cases Defendant relies on can all be summarized with the conclusion that arbitration is not to be considered a civil action for purposes of removal. This rule has no bearing on the present case as a state court proceeding (i.e. a civil action) had been filed in March 2016.  Defendant's time to remove must be measured from the commencement of the state court complaint.  Even the cases cited by Defendant support this proposition. Defendant's position would require the court to determine that a state court complaint cannot be considered a pleading to be used to analyze whether removal is proper.  Such a position is untenable and contradictory to many years of jurisprudence. It also contradicts the statutes that authorize removal.

The plain language of the statute makes Defendant's removal untimely. 28 U.S.C. §1446 required removal within thirty days.  Defendant also argues that it should be excused

from removal because a stay existed. The statute provides no such exception and the Court should apply 28 U.S.C. §§1446(b), (c)(1), and (c)(3) as they are written. The State Court's minute order cannot alter the timelines imposed by Federal Statute. The Supremacy Clause requires deference to the Federal Law.

The Court should also look at to relevant case-law interpreting the removal statute. The removal statutes must be strictly complied with and are to be narrowly construed. *United States ex rel. Walker v. Gunn*, 511 F.2d 1024 (9th Cir. 1975). Plaintiffs' position is directly aligned with how the Supreme Court has instructed Courts to interpret removal statutes because these statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Defendant could have removed the case to federal court in the first 90 days of the case before the stay was entered July 18, 2016.

Defendant also fails to address why it did not file for removal within thirty days of the stay on the state court proceedings being lifted. The state court's order says, "this case is hereby ordered stayed pending completion of the arbitration." The final award was issued July 19, 2018. It was transmitted to the parties on July 20, 2018. There was no stay in place from July 20, 2018 onward.

Thus, it is inarguable that a thirty day window existed from July 20 to August 20, 2018 when Defendant had full knowledge that the parties were diverse, Plaintiffs sought in excess of $75,000 and a TCPA claim was alleged against it. During this time there was no stay and a state court action was pending. Defendant does not claim otherwise. Yet it failed to act in removing the case to Federal Court. It provides no explanation for its delay. Untimely removal is forbidden by statute. *A.S. ex rel. Miller v. Smithkline Beecham Corp.*, 769 F.3d 204, 209 (3rd Cir. 2014).

Acting beyond the thirty day timeframe provided in 28 U.S.C. §1446 requires this Court to remand the case to state court. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249 (9th Cir. 1989). In *Cantrell* the defendant tried to remove the case to Federal Court beyond thirty days and the Ninth Circuit would not permit the untimely removal.

Statutes regarding removal, "insofar as the time for removal is concerned, is

imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975). To allow Defendant to wait 900 days with all the previous opportunities for removal at hand would greatly expand this Court's limited jurisdiction.

## II.
## CONCLUSION

Defendant filed its removal more than two years after a state court action was filed against it. Plaintiffs have committed extensive time and resources in proceeding with two successful multi-day arbitrations. On the last day Defendant could have filed its opposition to a petition to confirm the award in state court Defendant removed the case to federal court with an intention to litigate issues decided multiple times already in arbitration. This untimely removal is improper especially considering that there was a thirty-day window with no stay and a state court action pending with federal claims and diverse parties.

The plain language contained in Federal Law make clear that Defendant did not timely file its request for removal. All case-law regarding interpretation of removal statutes hold that the federal courts are to find in favor of remand as they are required to scrupulously confine their own jurisdiction. Plaintiffs' motion should be granted and the case remanded to state court. Plaintiffs should further be awarded $3,150 for having to file this motion.

Date: October 9, 2018

                                                     s/ Jeremy S. Golden
                                                     Jeremy S. Golden
                                                     Attorney for Plaintiffs