UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BLAKER and SAMANTHA BLAKER,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | Case No.: 18-CV-2108-CAB-JMA<br><br>**ORDER GRANTING MOTION TO REMAND AND REMANDING CASE TO SAN DIEGO COUNTY SUPERIOR COURT**<br><br>[Doc. No. 2] |

Defendant Credit One Bank, N.A., ("Credit One") removed this case to federal court on September 10, 2018, contending that this court has subject matter jurisdiction based on the existence of a federal question and diversity. Two days later, Plaintiffs moved to remand the case to state court on the grounds that Credit One's removal was untimely. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, the motion is granted, and this case is remanded to San Diego County Superior Court.

**I.   Background**

Plaintiffs Richard and Samantha Blaker initiated this lawsuit by filing a complaint in San Diego County Superior Court on March 25, 2016. [Doc. No. 1-2.] The original complaint alleged that Plaintiffs had paid off the balances of credit cards from Credit One

and closed their account over the phone and in writing. [Doc. No. 1-2 at 5.][1] After they closed the account, Credit One charged them a fee for their cards and then charged them a late fee for not paying the fee. [*Id.*] Credit One then engaged in harassing collection practices concerning these fees and reported false information on Plaintiffs' credit reports. [*Id.*] Based on these allegations, the complaint asserted three state law claims: (1) violation of California's Rosenthal Act; (2) violation of California's Consumer Credit Reporting Agencies Act; and (3) invasion of privacy—intrusion into private affairs. [*Id.* at 6-8.] The complaint sought actual, statutory and punitive damages, along with costs and reasonable attorney's fees. [*Id.* at 8.]

On May 25, 2016, Credit One filed a motion to compel arbitration, which the state court granted on July 18, 2016. [Doc. Nos. 1-3, 1-4.] The state court stayed the case pending completion of the arbitration. [Doc. No. 1-4 at 2.] On August 1, 2016, Plaintiffs filed a claim with the American Arbitration Association ("AAA") that was virtually identical to the state court complaint. [Doc. No. 1-5.] On January 9, 2017, Plaintiffs filed an amended claim with the AAA that added a cause of action for violations of the federal Telephone Consumer Protection Act ("TCPA"). [Doc. No. 1-6.] On July 27, 2017, Plaintiffs filed a brief with the AAA asking for an award of $387,000 for TCPA violations in addition to damages for the other claims. [Doc. No. 2-3 at 13.]

Following a hearing on August 3 and 4, 2017, the AAA arbitrator found for Plaintiffs and awarded them in excess of $75,000. [Doc. No. 2-2 at ¶ 8.] Credit One appealed this award to a three-person AAA tribunal, which unanimously found in Plaintiffs' favor after a hearing on April 18 and 19, 2018, and entered a final award of $411,757.45 on July 19, 2018. [Doc. No. 2-4.]

On August 10, 2018, Plaintiffs filed a petition in state court to confirm the arbitration award, and a hearing was set for September 21, 2018. [Doc. No. 1-7.] The petition was

---

[1] Pinpoint cites to page numbers are to the ECF watermark page number at the top of the page.

served on Credit One by mail on August 9, 2018. On September 10, 2018, Credit One removed the case to this court. The notice of removal contends that subject matter jurisdiction exists both under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). Two days later, Plaintiffs filed the instant motion to remand on the grounds that the removal was untimely pursuant to 28 U.S.C. § 1446.

## II. Discussion

Plaintiffs argue only that this case should be remanded because Credit One's removal was untimely. As the Ninth Circuit has explained:

> The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b)).

*Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). In addition, a case may not be removed based on diversity jurisdiction more than one year after the commencement of the action unless the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1).

### A. Existence of Federal Question Jurisdiction

Although both parties appear to agree that there is federal question jurisdiction here, the Court is unconvinced. Federal question jurisdiction is provided by 28 U.S.C. § 1331, which states: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotations omitted). "For a case to "arise under" federal law, a plaintiff's

3

18-CV-2108-CAB-JMA

well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004). The operative complaint in this lawsuit plainly does not assert a claim under the TCPA or any other federal statute, meaning the first basis for federal question jurisdiction is not satisfied. Nor does the complaint establish that Plaintiffs' right to relief depends on resolution of a substantial question of federal law. Thus, on initial review there does not appear to be federal question jurisdiction.

Credit One contends that the TCPA claims were added to this lawsuit through the amended claim filed in the arbitration combined with the Plaintiffs' petition to enforce the arbitration award. Yet, "the presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the [Federal Arbitration Act]." *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 836 (9th Cir. 2004); *see also Sharlands Terrace, LLC v. 1930 Wright St., LLC*, No. C-11-2503-EDL, 2011 WL 3566816, at *4 (N.D. Cal. Aug. 12, 2011) ("[A] petition to vacate or confirm an arbitration award does not 'arise under' federal law merely because "the underlying arbitration involves a federal question.'") (quoting *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004)).

Here, Plaintiffs did not even seek review of the arbitration award under the Federal Arbitration Act. Their petition to confirm the award was filed in state court, and it only invoked the California Arbitration Act as a basis for confirming the award.[2] The petition itself is a completed version of the Judicial Council of California's Form ADR-106. Thus, no federal question was raised in the state court by virtue of Plaintiffs' petition to confirm the arbitration award. *See Carter*, 374 F.3d at 837 (holding that a petition to confirm an arbitration award filed in California Superior Court and invoking the California Arbitration

---

[2] Notably, Credit One primarily invoked the California Arbitration Act in its motion to compel arbitration filed in state court.

Act did not raise a federal question). Accordingly, the fact that the arbitrators awarded damages for TCPA violations is insufficient to create federal question jurisdiction over this lawsuit based on Plaintiffs' petition to confirm the arbitration award.[3]

Because this Court lacks federal question subject matter jurisdiction, Plaintiffs' arguments about the timeliness of Credit One's removal based on the presence of the TCPA claim in the arbitration are moot.

### B. Timeliness of Removal Based on Diversity Jurisdiction.

"For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016); *see also* 28 U.S.C. § 1332(a). There is no question that these requirements are satisfied here as the parties are diverse and the amount in controversy equals at least the amount of the arbitration award, which was over $75,000. Accordingly, the Court can turn to Plaintiffs' arguments about the timeliness of Credit One's removal.

Plaintiffs argue that the complaint was removable on its face based on diversity jurisdiction. The Court need not address this argument, however, because even if the complaint was not initially removable, Credit One's removal based on diversity jurisdiction was untimely under the second thirty-day removal period. Plaintiffs argue that this second period was triggered when Plaintiffs' July 27, 2017, arbitration brief sought in excess of

---

[3] *Sharlands Terrace* ultimately considered petitions to vacate an arbitration award that were filed in federal court after removal when evaluating whether federal question jurisdiction existed because "a federal court has subject matter jurisdiction over a petition to vacate an arbitration award where the basis for vacating an arbitration award is that the arbitrator manifestly disregarded federal law." *Sharlands Terrace*, 2011 WL 3566816, at *4 (citing *Carter*, 374 F.3d at 836). Nevertheless, because the petitions to vacate were "patently meritless," the court held that they did not confer federal question jurisdiction. *Id.* at *7 (citing *Hagans v. Lavin*, 415 U.S. 528, 542-43 (1974)). Here, after removal Credit One filed a motion in this court to vacate the arbitration award on the grounds that the arbitrators exceeded their powers by manifestly disregarding applicable federal law concerning the TCPA. Assuming the Court is permitted or required to consider this motion to vacate when evaluating federal question jurisdiction, the Court finds, similar to the court in *Sharlands Terrace*, that Credit One's motion to vacate the arbitration award does not confer federal question jurisdiction because Credit One's motion is patently meritless.

5

18-CV-2108-CAB-JMA

$387,000 in damages or at a minimum when the AAA appeal panel entered a final award of $411,757.45 on July 19, 2018.[4] Credit One, meanwhile, argues that the lawsuit did not become removable until Plaintiffs filed their petition to confirm the arbitration award in state court.

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). Here, there is no dispute that Credit One had enough facts to remove this case at least as early as July 27, 2017, when Plaintiffs specified in their arbitration brief that they sought in excess of $75,000 in damages. Considering that this lawsuit was stayed pending the outcome of the arbitration, facts about Plaintiffs' damages claims in the arbitration necessarily impact the amount in controversy in the stayed lawsuit. Credit One cites to no authority for the proposition that the state court stay operates to toll the thirty-day clock for removal or the one year deadline for removal on the basis of diversity jurisdiction, and the cases it cites involving bankruptcy stays are inapposite. *See Three Pirates, LLC v. Shelton Bros., Inc.*, No. 3:16-CV-01054-JE, 2016 WL 6534523, at *4 (D. Or. Sept. 27, 2016) (rejecting removing party's argument that a state court stay tolled the thirty-day clock and concluding that "the tolling effect of an automatic bankruptcy stay is wholly distinct from and inapplicable . . ."), *report and recommendation adopted*, No. 3:16-CV-01054-JE, 2016 WL 6561557 (D. Or. Nov. 1, 2016). Accordingly, because Credit One did not notice the removal of this case within 30 days of July 27, 2017, or within one year of the date the lawsuit was filed in state court, the removal based on diversity jurisdiction was untimely.

---

[4] Plaintiffs also contend that the case became removable when they included a TCPA claim in their amended claim in the arbitration. As discussed above, the inclusion of the TCPA claim in the arbitration did not create federal question subject matter jurisdiction, so it could not have made the case removable.

### C. The Equities Do Not Favor Credit One

In its opposition, Credit One argues that the Court should allow untimely removal based on equitable considerations. Credit One contends that "where Plaintiffs made no effort to amend their state court complaint or to return to court until seeking to confirm their award on August 13, 2018, and where a stay was in place in state court, it would be inequitable to hold that [Credit One] should have moved in that forum for permission to remove an ongoing arbitration proceeding into federal court." [Doc. No. 8 at 7.] This argument makes little sense. First, Plaintiffs were under no obligation to amend their complaint in state court, and to do so would have been inappropriate in light of the arbitration. Second, as Credit One is well aware, removing a state court case does not require a motion before the state court, so neither the existence of the state court stay nor the arbitration would have interfered with Credit One's ability to remove. Third, Credit One would not have had to (or been able to) remove the arbitration proceeding itself into federal court. Thus, there is nothing inequitable in requiring Credit One to comply with the deadlines under federal rules for removal during a state court stay pending an arbitration that Credit One had moved to compel in the first instance.

### III. Fees

Plaintiffs seek fees of $3,150 that they incurred filing the instant motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, because "untimely removal is a procedural defect and not jurisdictional," *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992), meaning that the issue could be

waived, Credit One's removal on the basis of diversity jurisdiction was not objectively unreasonable. Rather, the Court's jurisdiction is undisputed, and this case could have remained here if Plaintiffs had not filed a timely motion to remand. Further, Credit One's arguments as to why its removal was timely are not so objectively unreasonable as to warrant fees here. Accordingly, Plaintiffs' request for fees is denied.

### IV. Disposition

This Court lacks subject matter jurisdiction based on the existence of a federal question, and Credit One had the facts to remove this case on the basis of diversity well more than 30 days before it filed its notice of removal, making its removal on that jurisdictional basis untimely. Accordingly, Plaintiffs' motion to remand is **GRANTED**. Plaintiffs' request for fees is **DENIED**. This case is **REMANDED** to San Diego County Superior Court.

It is **SO ORDERED**.

Dated: October 26, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge